IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY DOE, *et al.*,

    Plaintiff,

v.      Civil Action No. PX 17-812

DAVID J. MERON, *et al.*,

    Defendants.

**MEMORANDUM OPINION & ORDER**

Plaintiff Barry Doe, individually and on behalf of his minor children, filed an action against eight Defendants located in the United States, Bahrain, and Japan. *See* Complaint, ECF No. 1; ECF No. 5-2. Pending before this Court is Plaintiffs' Motion to for Service of Process by U.S. Marshal. ECF No. 5. For the reasons stated below, Plaintiffs' Motion is DENIED.

Rule 4 of the Federal Rules of Civil Procedures provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Subsection (c)(3) of Rule 4 allows the court to order that service be made by a United States marshal or deputy marshal at the plaintiff's request. Fed. R. Civ. P. 4(c)(3). "The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* The plain language of Rule 4(c)(3), however, leaves district courts with discretion to order service by a marshal in other circumstances.

The Advisory Committee Notes provide examples of situations where the Court should exercise its discretion in the plaintiff's favor. For instance, appointment of a marshal is generally proper where a law enforcement presence appears to be necessary or advisable to keep the peace,

1

or in actions brought by the United States. *See* Fed. R. Civ. P. 4, Adv. Comm. Note to 1993 Amendments. Some courts apply a "reasonableness" standard in determining whether to appoint the Marshal. *See, e.g.*, *Rose v. Abraham*, 2008 WL 3540542, at *4 (E.D. Cal. Aug. 13, 2008). Other courts have used a "good cause" standard. *See Anderson v. Adams*, No. 16-CV-01931, 2017 WL 469340, at *2 (E.D. Cal. Feb. 3, 2017).

Under either the good cause or reasonableness standard, Plaintiffs' motion must be denied because they provide no basis for the Court to appoint the Marshal for service. For example, Plaintiffs have not shown their efforts of effecting service on the foreign defendants under Rule 4(f). Nor have Plaintiffs evidenced any attempt to serve the domestic defendants.

Accordingly, it is this 16th day of June, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for service of process by U.S. Marshal filed by Plaintiffs BARRY DOE, *et al.* (ECF No. 5) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to counsel for the parties.

| | |
|---|---|
| _6/16/2017_ | /S/ |
| Date | Paula Xinis |
| | United States District Judge |